UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| RIGGS DRUG COMPANY, INC. ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No.: 3:13-CV-00528-PLR-CCS |
| ) | |
| HUMANA INC., HUMANA INSURANCE ) | |
| COMPANY, and HUMANA HEALTH ) | |
| PLAN, INC. ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Riggs Drug Company, Inc. brought this action seeking declaratory and injunctive relief to prevent Humana Inc., Humana Insurance Company, and Humana Health Plan, Inc. (collectively, "Humana") from terminating their contractual relationship with Riggs. Presently before the Court is Humana's *Motion to Compel Arbitration and Stay Proceedings* [Docket No. 5] (the "Motion"). For the following reasons, Humana's Motion will be granted in part.

In 2010, Riggs entered into a Pharmacy Provider Agreement (the "Contract") with Humana under which Riggs sells prescription pharmaceuticals to customers who are insured through Humana. Under section 12.2 of the Contract, the parties agreed that any dispute arising out of their business relationship that could not be settled by mutual agreement shall be submitted to final and binding arbitration under the Commercial Arbitration Rules of the American Arbitration Association.

Citing certain violations of the Contract, Humana wrote Riggs on July 24, 2013 terminating the Contract effective August 24, 2013. Riggs believes that Humana lacks the right

to "unilaterally terminate" the Contract. Accordingly, Riggs filed a complaint in the Chancery Court for Campbell County, Tennessee seeking a declaratory judgment, injunctive relief, and money damages. Humana subsequently filed a notice of removal based on diversity of citizenship and filed the present Motion seeking: (1) a stay of this proceeding; (2) an order compelling arbitration based on section 12.2 of the Contract; and (3) attorney's fees.

In its response, Riggs acknowledged the arbitration provision in the Contract and agreed that this case should be stayed pending arbitration; however, Riggs urged the Court include in its order "the requirement that [Humana] refrain from continuing with its unilateral termination process."

Because both parties agree that section 12.2 of the Contract requires this dispute to be submitted to binding arbitration, Humana's motion to compel arbitration and to stay these proceedings is granted in part. However, the Court declines to address Humana's request for attorney's fees or Riggs' request for injunctive relief. The Court finds those matters should be addressed by the arbitrator pursuant to Section 12.2 of the Contract.[1]

It is therefore **Ordered** that: (1) Riggs and Humana submit this dispute to arbitration under the Commercial Arbitration Rules of the American Arbitration Association; and (2) the Clerk of this Court stay this action pending the arbitration.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Under Rule 37(a) of the Commercial Arbitration Rules and Mediation Procedures (2013), "[t]he arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief . . . ."